**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DERRICK SSERWANJA,

Petitioner,

v. Case No. 1:26-cv-02741 KWR-LF

TODD BLANCHE, *Attorney General of the United States,*
MARKWAYNE MULLIN*, Secretary of the Department of Homeland Security,* ACTING DIRECTOR,
*Immigration and Customs Enforcement,*
MARY DE ANDA-YBARRA, *El Paso Field Office Director, Enforcement and Removal Operations, Immigrations and Customs Enforcement, and*
WARDEN, *Torrance County Detention Center*,

Respondents.

**ORDER GRANTING IN PART HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is subject to a final order of removal and has been in detention pending his removal from the country under 8 U.S.C. § 1231 for more than six months. Petitioner asserts there is not a significant likelihood of his removal in the reasonably foreseeable future, and he should be released under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

The Court concludes that Petitioner is entitled to release because he is detained without a significant likelihood of removal in the reasonably foreseeable future in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). Therefore, having reviewed the parties' pleadings, briefing, and the

relevant law, the Court finds that the Petition is well-taken and therefore is **GRANTED in part.** The Court orders Respondents to immediately release Petitioner.

## BACKGROUND

Petitioner is a citizen of Uganda. He is in ICE detention at the Torrance County Detention Center in New Mexico. He lawfully entered the United States on April 6, 2018 on a J-1 visa. He was taken into custody on September 3, 2025. On January 20, 2026, Petitioner was ordered removed and granted deferral of removal to Uganda. Petitioner asserts that DHS did not file an appeal, therefore his order of removal became final on February 19, 2026.

Petitioner appears to assert a *Zadvydas* claim. He asserts that he has been in detention for more than six months after the entry of a final order of removal. Petitioner asserts that his removal from the United States is not significantly likely in the reasonably foreseeable future. He notes that he has been granted deferral of removal to Uganda. Respondents have not produced travel documents and they have not identified any third country willing to accept him.

Respondents do not dispute any of Petitioner's assertions. Rather, Respondents filed a one-paragraph response in which they assert that they are not submitting a factual declaration or legal brief in opposition to the Petition. Doc. 6 at 1-2.

## LEGAL STANDARD

Petitioner seeks release from detention under a habeas statute, 28 U.S.C. § 2241. The Constitution guarantees that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). A federal court may grant a writ of habeas corpus to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas."

*Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687-88).

**DISCUSSION**

Petitioner asserts that his removal from the country is not significantly likely in the reasonably foreseeable future in violation of *Zadvydas*. Petitioner made an initial showing that his removal was not significantly likely in the reasonably foreseeable future. As explained below, the burden shifted to Respondents to show that his removal is significantly likely in the reasonably foreseeable future. Respondents did not file a response in opposition, and therefore Petitioner is entitled to immediate release under *Zadvydas*.

An immigration detainee "in custody in violation of the Constitution or laws or treaties of the United States" may seek habeas relief. 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678 (2001). Pursuant to the Immigration and Nationality Act, the Respondents must remove a noncitizen within a 90-day removal period. 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, the noncitizen must be detained. *Id.* § 1231(a)(2). The removal period begins when the removal order "becomes administratively final." *Id.* § 1231(a)(1)(B)(i).

Upon expiration of the initial removal period, the Respondents may continue to detain the noncitizen, but not indefinitely. *Id.* § 1231(a)(6); *Zadvydas*, 533 U.S. at 699. Continued detention for six months is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. After six months, if the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Respondents must then rebut the noncitizen's showing with evidence. *Id.*

Petitioner provided good reason to believe that there is not a significant likelihood of removal in the reasonably foreseeable future. He asserts that his order of removal became final on

February 19, 2026. He asserts that he was granted deferral of removal to Uganda. Moreover, he asserts that Respondents have not identified a third country willing to accept him, and they have not obtained travel documents. Respondents did not dispute these assertions. Thus, Petitioner has shown good reason to believe there is not a significant likelihood of removal in the reasonably foreseeable future.

After a petitioner has shown that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the respondents to rebut the showing. *Zadvydas*, 533 U.S. at 701. Respondents must provide "evidence" in rebuttal. *See id.*

Respondents did not expressly dispute any of Petitioner's assertions. Rather, they filed a one-paragraph response stating that they are not submitting a declaration or brief in opposition. Therefore, for the reasons stated herein, the Court concludes that Respondents have not established that there is a significant likelihood of removal in the reasonably foreseeable future.

**CONCLUSION**

As explained above, the Court concludes that Petitioner is entitled to release under *Zadvydas*, as he has been detained for more than six months without a significant likelihood of removal in the reasonably foreseeable future. Therefore, Petitioner shall be immediately released under appropriate conditions of supervision. The Court will enter a separate judgment.

**IT IS THEREFORE ORDERED** that Petitioners' Petition (Doc. 1) is hereby **GRANTED in part** for the reasons described in this Order.

**IT IS FURTHER ORDERED** that Respondents shall immediately release Petitioner with appropriate conditions of supervision.

/S/

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE